Case 4:23-cv-02865   Document 20   Filed on 07/10/24 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
July 10, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| AMEYA PUROHIT, *et al.*, § § Plaintiffs. § § V. § ANTONY BLINKEN, *et al.*, § § Defendants. § | CIVIL ACTION NO. 4:23-cv-02865 |

### MEMORANDUM AND RECOMMENDATION

Pending before me in this action for judicial review under the Administrative Procedures Act ("APA") is a Motion to Dismiss filed by Defendants Antony Blinken, United States Secretary of State ("DOS"), and Ur Jaddou, Director of United States Citizenship and Immigration Services ("USCIS"). Dkt. 10.

After the motion had been fully briefed, the Fifth Circuit issued its decision in *Cheejati v. Blinken*, --F.4th--, 2024 WL 3314339 (5th Cir. Apr. 9, 2024). The substantive facts in *Cheejati* are identical to the facts in this case.[1] In fact, Plaintiffs[2] here have the same attorney as the *Cheejati* plaintiffs. These are the facts:

> [Plaintiffs] are nonimmigrants legally present in the United States on employment-based visas chargeable to India. They have all filed Forms I-485 seeking adjustment of status to lawful permanent residents. Before an alien's status can be adjusted, a visa number must be available to him. As of June 2023, shortly before this suit was filed, DOS had estimated that visa numbers were immediately available to [Plaintiffs], so [Plaintiffs] had all applied for status adjustments. But visa demand in mid-2023 was higher than expected, and ultimately, visa numbers were not immediately available to [Plaintiffs].[3] As a result, [Plaintiffs]' applications were held in abeyance until a visa number became available.

---

[1] As a procedural matter, the plaintiffs in *Cheejati* moved for a preliminary injunction, which Plaintiffs here have not done.

[2] Plaintiffs in the instant case are Ameya Purohit, Prashant Sharma, Sandeep Yelamanchili, Mahendra Doodi, Vidwan Gondle, Vijaya Krishna Prasad Vudathaneni, Sunny Macwan, Gauri Aggarwal, and Panchalee Phookan.

[3] "This process is called retrogression." *Id.* at *2.

> [Plaintiffs] challenge the delay in adjudicating their I-485 applications. They maintain that DOS's and USCIS's policies of deferring adjudication of the applications until a visa number becomes available violate the clear language of the statute governing adjustment of status for nonimmigrants, 8 U.S.C. § 1255(a). They seek injunctive and declaratory relief under § 706(1) of the Administrative Procedure Act (APA) and the federal Declaratory Judgment Act, 28 U.S.C. § 2201.

*Id.* at *1.

On these facts—which, save for the *Cheejati* plaintiffs' names, are substantively indistinguishable from the facts in this case—the Fifth Circuit found subject matter jurisdiction lacking. Specifically, the Fifth Circuit agreed with Defendants and the Eighth Circuit in holding "that '[t]he text of § 1252(a)(2)(B)(ii) and § 1255(a) is clear and convincing evidence that Congress intended to preclude judicial review of the Attorney General's discretionary decisions about the status adjustment process under § 1255(a), like the [retrogression hold policies].'" *Id.* at *5 (quoting *Thigulla v. Jaddou*, 94 F.4th 770, 776 (8th Cir. 2024)).[4] That holding compels dismissal here.

Accordingly, I recommend the Motion to Dismiss (Dkt. 10) be **GRANTED** and this matter be dismissed.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 10th day of July 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[4] The Fifth Circuit also held that, "to the extent [its] jurisdictional conclusion is incorrect," Appellants had "not shown that they are likely to succeed on the merits of their APA claim" because they "identified no unequivocal mandate with which USCIS has failed to comply." *Cheejati*, 2024 WL 3314339, at *6; *cf.* Dkt. 10 at 19 (arguing that "Plaintiffs' unlawful withholding claim against USCIS fails because they cannot show that USCIS failed to adjudicate their I-485 applications despite a clear legal duty to do so").